IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0769 MAG |
| Plaintiff, | **FINDINGS AND JUDGEMENT AFTER TRIAL** |
| vs. | |
| BARRY LONDON, | |
| Defendant. | |

On December 11, 2007, the Court conducted a court trial in this matter. Based upon argument and evidence presented at trial and the papers of the parties, the Court finds defendant Barry London GUILTY of violating Title 36 of the Code of Federal Regulations, Section 4.30(d)(1), possession of a bicycle in a wilderness area established by federal statute.

**I. FINDINGS OF FACT**

1. The Point Reyes National Seashore is located in the Northern District of California.
2. The Point Reyes National Seashore is administered by the National Park Service.
3. June 21, 2007 was the date of the Summer Solstice.
4. The Summer Solstice is a day where mountain bikers traditionally ride their bicycles on illegal trails in the Point Reyes National Seashore.
5. On the afternoon of June 21, 2007, Ranger Brian Lake ("Ranger Lake") was on a search and rescue mission at Bass Lake within the Point Reyes National Seashore.

6. At approximately 3:00 pm, Ranger Lake left Bass Lake and proceeded south bound in his vehicle along the "Coast Trail" and then proceeded north bound on the "Lake Ranch Trail."

7. The "Lake Ranch Trail" is located in a designated wilderness area and is closed to bicyclists as well as all other vehicles.

8. The closure of the trails in the designated wilderness areas in Point Reyes appears on maps, at the Point Reyes Visitor's Center, in the Compendium, in brochures, and online.

9. At every junction in the Point Reyes National Seashore where a trail that is legal for bicycles merges with a trail that is illegal for bicycles, a sign depicting a bicycle with a red slash through it ("no bikes sign") is posted.

10. A no bikes sign is posted at the junction of the "Olema Valley Trail" and the "Teixeira Trail."

11. All of the no bikes signs in the Point Reyes National Seashore were up and visible on June 21, 2007.

12. Ranger Lake sought and was granted permission from Chief Ranger Colin Smith ("Ranger Smith") to operate his vehicle on certain closed trails on June 21, 2007, for purposes of transporting dive equipment to Bass Lake for a search and rescue mission.

13. While heading north bound on the "Lake Ranch Trail," between the "Coast Trail" and the "Ridge Trail," Ranger Lake observed a group of six individuals riding on bicycles heading south bound on "Lake Ranch Trail."

14. Ranger Lake gave these six individuals citations for possessing a bicycle in a wilderness   area.

15. After giving citations to this first group of bicyclists, Ranger Lake proceeded north bound on "Lake Ranch Trail" and ran into a second group of four bicyclists heading south bound on the trail.

2

16. Ranger Rene Buehl ("Ranger Buehl") began issuing citations to this second group of bicyclists, and Ranger Lake proceeded north bound on "Lake Ranch Trail."
17. At approximately 4:20 pm, as he was proceeding north bound on "Lake Ranch Trail," Ranger Lake observed a lone individual riding a blue bicycle heading south bound on "Lake Ranch Trail."
18. Ranger Lake identified this lone bicyclist as Barry London ("Defendant").
19. The Defendant proceeded from the "Olema Valley Trail," onto the "Teixeira Trail," then onto the "Ridge Trail," and then finally proceeded onto the "Lake Ranch Trail."
20. The "Teixeira Trail," the "Ridge Trail," and the "Lake Ranch Trail" are all closed to bicyclists.
21. Ranger Lake wrote the Defendant a citation and confiscated his blue bicycle.
22. Ranger Eric Peterson ("Ranger Peterson") returned the Defendant's bicycle to him hours later on that same day, after a $275.00 fine was paid by credit card for the citation. The payment of the fine on the credit card was subsequently cancelled and therefore was not received by the Central Violations Bureau.
23. The Defendant previously received a citation for "Possession of a Bicycle in a Closed Area" on December 21, 1998 (Citation # P078043), was found to be in violation and ordered to pay a fine of $50.00.

## II. CONCLUSIONS OF LAW

1. Congress passed Public Law 88-577 (hereinafter "The Wilderness Act") in 1964.
2. The Wilderness Act established a National Wilderness Preservation System to be composed of federally owned areas designated by Congress as "wilderness areas" and stated that these shall be administered for the use and enjoyment of the American people in such manner as will leave them unimpaired for future use and enjoyment as wilderness. Public Law 88-577, Section 1(a).
2. The Wilderness Act further provided: "Except as specifically provided for in this Act and, except as necessary to meet minimum requirements for the administration of the

3

1    area for the purpose of this Act (including measures required in emergencies
2    involving the health and safety of persons within the area), there shall be no
3    temporary road, no use of motor vehicles, motorized equipment or motorboats, no
4    landing of aircraft, no other form of mechanical transport, and no structure or
5    installation within any such area." Public Law 88-577 Section 4(c).

6    3.   Congress passed Public Law 94-544 (hereinafter the "Phillip Burton Wilderness
7         Act") in 1976.

8    4.   The Phillip Burton Wilderness Act designated certain lands within the Point Reyes
9         National Seashore, including the "Lake Ranch Trail", as "wilderness" pursuant to
10        The Wilderness Act of 1964.

11   5.   Title 44 of the United States Code, Section 1507 provides: "Unless otherwise
12        specifically provided by statute, filing of a document [for publication in the Federal
13        Register], required or authorized to be published by section 1505 of this title, except
14        in cases where notice by publication is insufficient in law, is sufficient to give notice
15        of the contents of the document to a person subject to or affected by it." 44 U.S.C.A.
16        § 1507.

17   6.   The Code of Federal Regulations is defined as a "special or supplemental edition of
18        the Federal Register." 44 U.S.C.A. § 1510(a)-(b) (West 1991).

19   7.   Title 36 of the Code of Federal Regulations, Section 4.30(d)(1) provides that
20        possessing a bicycle in a wilderness area established by federal statute is prohibited.
21        36 C.F.R. § 4.30(d)(1).

22   8.   Where a statute or regulation does not contain an express *mens rea* element, "silence
23        on this point by itself does not necessarily suggest that the [legislators] intended to
24        dispense with a conventional mens rea element. *Staples v. United States*, 511 U.S.
25        600, 605 (1994); *Morissette v. United States*, 342 U.S. 246, 263 (1952); *United States
26        v. Martinez-Morel*, 118 F.3d 710, 716 (10th Cir. 1997). However, the general
27        presumption that some guilty purposes is required is not applicable to what have been

4

termed public welfare offenses, which impose penalties to serve as an effective means of regulation. *United States v. Unser*, 165 F.3d 755, 762 (10th Cir. 1999), *cert. denied*, 145 L. Ed. 2d 36, 120 S. Ct. 40 (1999).

9. Following *Morissette*, the Eighth Circuit has stated, "where a federal criminal statute omits mention of intent and where it seems to involve what is basically a matter of policy, where the standard imposed is, under the circumstances, reasonable and adherence thereto properly expected of a person, where the penalty is relatively small, where the conviction does not gravely besmirch [the reputation], where the statutory crime is not one taken over from the common law, and where congressional purpose is supporting, the statute can be construed as one not requiring criminal intent. The elimination of this element is then not violative of the due process clause." *Holdridge v. United States*, 282 F.2d 302, 310 (8th Cir. 1960)(Blackmun, J.).

10. Title 36 of the Code of Federal Regulations, Section 4.30(d)(1) is a strict liability offense, for which no *mens rea* is required. *United States v. Bousina et.al.*, No. P003005, P003006, P003007, P003009 (2002).

Conclusion

Defendant testified that on the day he was cited he did not see any signs posted prohibiting bicycles from the Wilderness Roads. However in his testimony the Defendant admitted that he was cited and fined in 1998 for Possession of a bicycle in that closed area. The prohibited areas were posted on the maps, at the Point Reyes Visitor's Center, in the Compendium, in brochures, on signs, and online.

All of the elements necessary for a violation of 36 C.F.R. §4.30(d)(1) were proven at trial, beyond a reasonable doubt, by the United States. When defendant was cited by Ranger Lake, Defendant was in possession of a bicycle on "Lake Ranch Road,"a road on which bicycles are prohibited. The Court finds that the Defendant GUILTY of violating 36 C.F.R. § 4.30(d)(1).Defendant is ORDERED to pay a fine of $275.00, and a special assessment fee of $10.00, for a total of $285.00.

5

1  If the defendant wished to file an appeal, he may do so by filing with the Clerk of the Court a
2 notice specifying the judgement from which the appeal is taken within 10 days from today. The
3 notice must be served upon the court and the government. Otherwise defendant shall pay the fine
4 and special assessment within 30 days from today.

Dated: December 21, 2007

MARIA-ELENA JAMES
United States Magistrate Judge